UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:19-CV-00117-HBB

ANGELA G. HINTON                                                                                   PLAINTIFF

VS.

ANDREW SAUL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Angela G. Hinton ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 16) and Defendant (DN 20) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is reversed, and this matter is remanded, pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12). By Order entered November 13, 2019 (DN 13), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

On October 20, 2017, Plaintiff filed an application for Disability Insurance Benefits (Tr. 124, 275-81). Plaintiff alleged that she became disabled on March 4, 2017 as a result of osteoarthritis of the knees bilaterally, migraine headaches, irritable bowel syndrome (IBS), gastroesophageal reflux disease (GERD), hiatal hernia, hypothyroidism, and major depressive disorder (Tr. 124, 295, 296). Administrative Law Judge Jennifer B. Thomas ("ALJ") conducted a video hearing from Nashville, Tennessee (Tr. 124, 145-47). Plaintiff and her non-attorney representative, Gregory Schmitt, participated from Owensboro, Kentucky (Id.). Beth Crane, an impartial vocational expert, also appeared and testified during the hearing (Id.).

In a decision dated April 30, 2019 the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 124-38). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 4, 2017, the alleged onset date (Tr. 126). At the second step, the ALJ determined that Plaintiff has the following severe impairments: gastroparesis; IBS; migraines; right knee disorder; and obesity (Id.). Additionally, the ALJ found that Plaintiff's asthma, metabolic syndrome, and depression are non-severe impairments (Tr. 126-30). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 131).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform medium work, as defined in 20 C.F.R. § 404.1567(c)[1], except she can occasionally climb

---

1 the ALJ indicated that medium work as defined in 20 C.F.R. § 404.1567(c) meant lifting and/or carrying 50 pounds occasionally and 25 pounds frequently, standing and/or walking (with normal breaks) for a total of about six

ramps or stairs, but never ladders, ropes or scaffolds; she can frequently balance, stoop, kneel, crouch and crawl; she can have occasional exposure to vibrations, but no exposure to moving mechanical parts or unprotected heights; and she needs to have ready access to a bathroom, which is defined as a five-minute walk away (Tr. 131). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of her past relevant work (Tr. 135).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 135-38). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from March 4, 2017, through the date of the decision (Tr. 138).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 273-74). The Appeals Council denied Plaintiff's request for review (Tr. 1-5).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion,

---

hours in an eight-hour workday, sitting (with normal breaks) for a total of about six hours in an eight-hour workday, and pushing and/or pulling consistent with lifting and/or carrying (Tr. 131).

even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr.1-5). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Finding No. 3

1. Arguments of the Parties

Plaintiff argues the ALJ's finding that her medically determinable mental impairments are non-severe (and result in no mental limitations of plaintiff's ability to work) is contrary to law and not supported by substantial evidence (DN 16; DN 16-1 PageID # 862-73). Plaintiff asserts that

the ALJ's analysis of the treating and examining medical opinions is contrary to 20 C.F.R. § 404.1520c and not supported by substantial evidence (Id.).[2] Plaintiff argues the error is not harmless because the ALJ failed to consider the limitations imposed by the mental impairments in assessing Plaintiff's RFC (Id.). As the RFC does not accurately describe all of Plaintiff's work-related limitations, the ALJ's decision is not supported by substantial evidence and remand is the appropriate remedy (Id.).

Defendant argues substantial evidence supports the ALJ's determination that Plaintiff's mental impairments are non-severe (DN 20 PageID # 885-93). The ALJ reviewed the record and concluded there is nothing suggesting Plaintiff's medically determinable mental impairments have resulted in, or are expected to result in, significant limitations in her ability to perform work activity for a period of twelve continuous months (Id. citing Tr. 127-30). Alternatively, Defendant contends the ALJ did not commit reversible era at the second step because she found Plaintiff has other severe impairments and proceeded to the remaining steps of the sequential evaluation (Id.). Defendant asserts the ALJ clearly considered Plaintiff's mental health symptoms in the remaining steps, as she discussed the entirety of the mental health evidence over the course of four pages of her decision at the second step (Id.). In doing so, the ALJ adequately explained the basis for her determination that Plaintiff's mental impairments caused no more than minimal work-related functional limitations (Id.).

---

2 Plaintiff is referring to the opinion of David Whittaker, APRN, dated December 14, 2018 (Tr. 728-33, 766-74) and the opinion of consultative examiner Marcy Walpert, M.A., LPP, dated January 23, 2018 (Tr. 463-67).

2. Discussion

At the second step in the sequential evaluation process a claimant must demonstrate she suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . . ." 20 C.F.R. § 404.1520(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy the "severe" requirement the claimant must demonstrate the impairment or combination of impairments "significantly limit" his or her physical or mental ability to do "basic work activities." 20 C.F.R. § 404.1522(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).[3] To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. §§ 404.1521, 416.921; Social Security Ruling 16-3p, 2017 WL 5180304,

---

3 Examples of basic work activities are as follows:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, reaching, carrying, or handling;
>
> (2) Capacities for seeing, hearing, and speaking;
>
> (3) Understanding, carrying out, and remembering simple instructions;
>
> (4) Use of judgment;
>
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
>
> (6) Dealing with changes in a routine work setting."

20 C.F.R. §404.1521(b), 416.921(b).

at *11 (Oct. 25, 2017). To satisfy the "duration" requirement the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509, 416.909.

The determination whether a mental condition "significantly limits" a claimant's ability to do one or more basic work activities is based upon the degree of functional limitation in four broad functional areas that are known as the "paragraph B" criteria. 20 C.F.R. § 404.1520a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E. The four broad functional areas are: "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 404.1520a(c)(3). The four areas of mental functioning are evaluated on the following five-point rating scale: "None, mild, moderate, marked, and extreme." 20 C.F.R. § 404.1520a(c)(4). If the four areas of mental functioning are rated as "none" or "mild" the mental impairment is considered not severe, "unless the evidence otherwise indicates there is more than a minimal limitation" in the claimant's ability to do basic work activities. 20 C.F.R. § 404.1520a(d)(1).

At the second step, the ALJ conducted a comprehensive review of the evidence to determine whether Plaintiff's medically determinable mental impairments are severe (Tr. 127-130). Prompted by Plaintiff's challenges, the Court determined whether the ALJ's consideration of the medical and psychological opinions comports with applicable law and is supported by substantial evidence in the record.

The ALJ appropriately applied the new regulation for evaluating medical/psychological opinions because Plaintiff filed her claim after March 27, 2017 (Tr. 124, 275-81). *See* 20 C.F.R. § 404.1520c. The new regulation explicitly indicates "[w]e will not defer or give any specific

8

evidentiary weight, including controlling weight, to any medical opinion(s)" in the record, even if it comes from a treating medical source. 20 C.F.R. § 404.1520c(a).[4] Instead, administrative law judges will now evaluate the "persuasiveness" of medical opinions by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. § 404.1520c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5).[5] Of these five factors, the two most important are supportability and consistency. 20 C.F.R. § 404.1520c(a) and (b)(2). Further, the regulation requires administrative law judges explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 404.1520c(b)(2). Notably, under the regulation administrative law judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 404.1520c(b)(2). Additionally, administrative law judges "must consider" medical findings of non-examining state agency medical or psychological consultants according to the new regulation. 20 C.F.R. § 404.1513a(b)(1).

Regarding the opinions, the ALJ began with the diagnostic and functional opinions rendered by consultative psychological examiner Marcy Walpert, M.A. (Tr. 127, 128). Specifically, the ALJ noted that Ms. Walpert opined that Plaintiff's depressive symptoms seemed to be causing a moderate impairment in her daily living, social functioning, and work-related

---

4 The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. § 404.1527(c)(2).
5 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. § 404.1520c(c)(3)(i)-(v).

9

activity; and her panic disorder with agoraphobia seemed to be causing marked impairment in her social abilities (Tr. 128). The ALJ found these diagnostic and functional opinions unpersuasive because they were not consistent with or supported by the evidence at the time they were rendered (Id.). The ALJ explained the opinions were based on Plaintiff's claim that she had not been out of her house for eight months due to panic attacks (Id.).[6] But treatment notes from Plaintiff's primary care provider did not support this claim (Id.). In fact, there was no indication of any anxiety or panic disorder in the treatment notes (Id.). Further, there was no indication that Plaintiff ever complained of any symptoms of anxiety to her provider (Id.). Also, the treatment notes consistently indicated appropriate mood and affect, with normal insight and judgment (Id.). Additionally, the primary care provider's medical opinion noted depressive symptoms, but no symptoms of generalized anxiety disorder and panic attacks (Id.). The Court concludes the ALJ's evaluation of the persuasiveness of Ms. Walpert's diagnostic and functional opinions is supported by substantial evidence in the record and comports with applicable law.

Next, the ALJ evaluated the medical opinion dated October 19, 2018 from Victor Dunn, PA and Kishor Vora, M.D., the Plaintiff's primary care providers, regarding her psychological conditions (Tr. 128, 652-56). The opinion noted that Plaintiff had symptoms of depression, but no evidence of manic syndrome or generalized anxiety disorder (Id.). The ALJ noted that the opinion listed "unknown" on almost all areas regarding Plaintiff's mental functioning (Id.). Overall, the ALJ found their opinion persuasive regarding Plaintiff's symptoms of depression

---

6 Ms. Walpert's report indicates Plaintiff reported she "has not been out of her house in the past eight months due to panic attacks . . ." (Tr. 465). Plaintiff's summary of Ms. Walpert's report mistakenly indicates "prior eight days due to panic attacks . . ." (DN 16-1 PageID # 865)

10

because it was consistent with and supported by their treatment notes (Id.). However, the ALJ indicated she was generally not persuaded by the opinion due to the "unknown" replies regarding Plaintiff's functional abilities (Id.). The ALJ's evaluation of the persuasiveness of this medical opinion is supported by substantial evidence in the record and comports with applicable law.

Next, the ALJ evaluated the medical opinion dated December 14, 2018 from David Whittaker, APRN, the claimant's mental health nurse practitioner (Tr. 129, 728-32, 766-70). The ALJ explained that she found the opinion unpersuasive because the severe limitations in Mr. Whittaker's opinion were not supported by the objective medical evidence and were not consistent with the evidence as a whole (Id.). For example, while Mr. Whittaker opined that Plaintiff was markedly limited in almost all areas, his initial mental status findings indicated fair memory, attention, knowledge base, insight and judgment (Id.). Further, while her speech was slow and pressured, Mr. Whittaker indicated her thought content was unremarkable and her thought process was linear (Id.). Although Plaintiff did appear agitated and depressed, the ALJ observed that there were no findings indicating limitations as severe as Mr. Whittaker had opined (Id.). Moreover, the ALJ observed that Mr. Whittaker's opinion was not consistent with other evidence in the record such as treatment notes from Plaintiff's primary care provider which indicated normal mood, affect, memory, insight and judgment (Id.). Further, the ALJ pointed out the treatment notes from Plaintiff's gastroenterologist indicated normal affect and behavior (Id.). The ALJ also considered Mr. Whittaker's relationship with Plaintiff at the time he rendered the opinion (Id.). *See* 20 C.F.R. § 404.1520c(c)(3)(i)-(v). Specifically, the ALJ recognized that Mr. Whittaker did not have a longitudinal understanding of Plaintiff's mental impairments because he had only treated Plaintiff one time (Id.). *See* 20 C.F.R. § 404.1520c(c)(3)(i)-(v). The ALJ concluded that

11

overall Mr. Whittaker's opinion was unpersuasive (Id.). The ALJ's evaluation of the persuasiveness of this medical opinion is supported by substantial evidence in the record and comports with applicable law.

The ALJ next considered the state agency psychological consultant's opinion that Plaintiff did not have a severe mental impairment (Tr. 129, 198-99). The ALJ found the opinion of Laura Cutler, Ph.D., persuasive because it was consistent with and supported by the evidence as a whole (Id.). While evidence received at the hearing level did indicate a recent worsening of Plaintiff's symptoms, the ALJ found nothing suggesting that it was expected to result in significant limitations for a period of 12 continuous months (Id.). The ALJ's evaluation of the persuasiveness of this medical opinion is supported by substantial evidence in the record and comports with applicable law.

Contrary to Plaintiff's assertion, the ALJ was not required to articulate how she considered the other factors in paragraphs (c)(3) through (c)(5) of the regulation. *See* 20 C.F.R. § 404.1520c(b)(3). This requirement applies only when an administrative law judge finds that two or more medical opinions about the same issue are both equally well supported and consistent with the record but are not exactly the same. 20 C.F.R. § 404.1520c(b)(3). As clearly indicated above, the ALJ found only Dr. Cutler's opinion was well supported and consistent with the record.

After assigning weight to the medical/psychological opinions in the record, the ALJ made findings concerning the degree of limitation in the four broad functional areas that are known as the "paragraph B" criteria (Tr. 129-30). *See* 20 C.F.R. § 404.1520a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E. Specifically, the ALJ found while Plaintiff may have recently experienced a slight worsening in her condition, there was nothing suggesting that it is expected

to result in significant limitations for a period of 12 continuous months, and that overall the evidence indicated no more than mild limitations in all four broad functional areas (Id.). The regulations define a "mild limitation" as "[y]our functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2b. Consistent with 20 C.F.R. § 404.1520a(d)(1), the ALJ determined that Plaintiff's medically determinable mental impairments are non-severe because they caused no more than "mild" limitations in any of the four broad functional areas (Tr. 130). In sum, the ALJ's findings that Plaintiff's mental impairments are non-severe are supported by substantial evidence in the record and comport with applicable law.

Regardless of whether the ALJ erred at step two, the Sixth Circuit has found it "legally irrelevant" that some of a claimant's impairments are found non-severe, when other impairments are found to be severe, because a finding of severity as to even one impairment clears the claimant of step two of the analysis and the administrative law judge should consider both the severe and non-severe impairments in the remaining steps. *See* Anthony v. Astrue, 266 F. Appx. 451, 457 (6th Cir. 2008) (citing Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987)). Thus, once a severe impairment is found, the administrative law judge must consider the "*combined effect*" of all the medically determinable severe and non-severe impairments in assessing a claimant's RFC. *See* 20 C.F.R. §§ 404.1523(c) (emphasis added), 404.1545(a)(2); Simpson v. Comm'r of Soc. Sec., 344 F. Appx. 181, 190-91 (6th Cir. 2009); White v. Comm'r of Soc. Sec., 312 F. Appx. 779, 787 (6th Cir. 2009). These procedural requirements serve both to ensure adequacy of review and give Plaintiff a better understanding of the disposition of her case.

The parties disagree as to whether the ALJ considered Plaintiff's medically determinable mental impairments in the remaining steps. Plaintiff contends they were not considered in the RFC assessment and at steps four and five (DN 16 PageID # 863). Defendant asserts "the ALJ clearly considered Plaintiff's mental health symptoms in the remaining steps of the sequential evaluation, as she expressly discussed the entirety of the mental health evidence over the course of four pages of her decision" (DN 20 PageID # 886 citing Tr. 127-30).

At step two, the ALJ discussed all the medical evidence concerning Plaintiff's medically determinable mental impairments. But contrary to Defendant's assertion, the ALJ limited her four-page analysis to evaluating the persuasiveness of the medical/psychological opinions and rating the severity of the mental impairments based on the limitations identified in the "paragraph B" criteria (Tr. 127-30). Moreover, the ALJ indicated her severity analysis at step two should not be conflated with the more detailed mental residual functional capacity (MRFC) assessment used at steps 4 and 5 (Tr. 130). Further, the ALJ specified that her RFC assessment reflects the results of her MRFC assessment (Id.). Additionally, at an earlier page in the decision the ALJ acknowledged that in making her RFC finding she "must consider all of the claimant's impairments, including impairments that are not severe" (Tr. 125 citing 20 C.F.R. §§ 404.1520(e), 404.1545 and Social Security Ruling 96-8p).

Yet the ALJ's RFC assessment does not even mention Plaintiff's medically determinable non-severe mental impairments (Tr. 131-35). Thus, the ALJ's RFC does not comport with applicable law because she failed to consider the "*combined effect*" of Plaintiff's medically determinable severe and non-severe impairments in assessing the claimant's RFC. *See* 20 C.F.R. §§ 404.1523(c) (emphasis added), 404.1545(a)(2); Simpson, 344 F. Appx. at 190-91; White, 312

F. Appx. at 787; <u>Maziarz</u>, 837 F.2d at 244.  Because the ALJ's omission hinders meaningful judicial review of the RFC finding, the Court will vacate the final decision of the Commissioner and, pursuant to sentence four of 42 U.S.C. § 405(g), remand the case to the Commissioner for further proceedings.

The Court is aware that Plaintiff also challenges the ALJ's credibility assessment related to the RFC finding (DN 16; DN 16-1 PageID # 873-75).  The Court declines to address this claim as it will become moot when the Commissioner conducts further proceedings.

### ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **REVERSED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

March 20, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:    Counsel